# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| HERMAN MCCLOUDEN, III<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL ACTION NO.: CV615-76<br><br><br>(Case No. CR609-15) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Herman McClouden ("McClouden"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 contesting his conviction obtained in this Court. Respondent filed a Response, and McClouden filed a Reply. For the reasons which follow, McClouden's Section 2255 motion should be **DENIED**.

## STATEMENT OF THE CASE

McClouden was convicted in this Court, after entry of a guilty plea, of unlicensed dealing in firearms and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(a)(1)(A) and (g)(1). J., United States of America v. McClouden, 2:10-cr-29, (S.D. Ga. May 20, 2011), ECF No. 32. The Honorable B. Avant Edenfield sentenced McClouden to 60 months' imprisonment as to the first count and to 180 months' as to the felon-in-possession count, to be served concurrently. Id. McClouden did not file a direct appeal.

On January 22, 2015, United States Attorney Edward J. Tarver disclosed to the Court information regarding an "improper relationship" between Assistant United States

Attorney ("AUSA") Cameron Ippolito and ATF Special Agent Lou Valoze. In Re: Ippolito & Valoze, 2015 WL 424522, at *1 (S.D. Ga. Jan. 30, 2015). The Court ordered that the United States Attorney "submit a list of all cases . . . in which AUSA Ippolito and Agent Valoze collaborated." Id. McClouden's prosecution was listed as one of these cases. Resp., In Re: Ippolito & Valoze, 2:15-mc-2 (S.D Ga. Feb. 11, 2015), ECF No. 4-1, p. 12.

In this Motion, McClouden asserts he was denied effective assistance of counsel, which resulted in his conviction, even though he is actually innocent of the crime to which he pleaded guilty. McClouden contends his counsel failed to investigate defenses of entrapment, abuse of public authority, entrapment by estoppel, and outrageous government misconduct. (Doc. No. 1, p. 4). McClouden also contends counsel was ineffective for failing to file a pretrial motion to dismiss the indictment against him or an appeal based on constitutional violations. McClouden avers his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutional and violated the due process clause of the Constitution. (Id. at p. 6).

Respondent contends the majority of McClouden's motion is untimely. To the extent McClouden claims entitlement to relief based on the Government's disclosure of the relationship between Ippolito and Valoze, the prosecutor and federal agent involved in the prosecution of his case, Respondent contends McClouden is not entitled to his requested relief.

## DISCUSSION AND CITATION TO AUTHORITY

**I. Whether McClouden's Motion is Timely**

To determine whether McClouden's Motion was filed in a timely manner, the Court must look to the applicable statute of limitations periods. Motions made pursuant

AO 72A
(Rev. 8/82)

2

to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

### A. Sections 2255(f)(1)–(3)

McClouden's Change of Plea hearing occurred on August 19 and December 9, 2009, and he was sentenced on February 9, 2010, to 180 months' imprisonment. Min. Entries, United States of America v. McClouden, 6:09-cr-15 (S.D. Ga. Aug. 19, 2009, Dec. 9, 2009, and Feb. 9, 2010), ECF Nos. 21, 25, & 31. Judge Edenfield entered judgment in this case on February 10, 2010. J., United States of America v. McClouden, 6:09-cr-15 (S.D. Ga. Feb. 11, 2010), ECF No. 32. McClouden had fourteen (14) days, or until February 25, 2010, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because McClouden did not file an appeal, he had until February 25, 2011, to file a

timely § 2255 motion. 28 U.S.C. § 2255(f)(1). McClouden did not execute his § 2255 motion until June 29, 2015, which was more than four years after the expiration of the applicable statute of limitations period. Consequently, McClouden's petition is untimely under § 2255(f)(1). McClouden does not contend he is entitled to the statute of limitations period found in §§ 2255(f)(2) and (3). However, it must be determined whether McClouden is entitled to the statute of limitations period of § 2255(f)(4).

### B. Section 2255(f)(4)

McClouden asserts he could not have discovered his claims of actual innocence, in the exercise of due diligence, until January 22, 2015, when the United States Attorney's Office "disclosed the outrageous government misconduct and criminal behavior" of AUSA Ippolito and Agent Valoze. (Doc. 6, p. 2.) McClouden contends he is entitled to use of the statute of limitations period found at Section 2255(f)(4) and based on McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (May 28, 2013).[1]

Respondent contends there are no new predicate facts, which were unknown to McClouden at the time he pleaded guilty, to warrant the application of § 2255(f)(4)'s statute of limitations period. Respondent also contends McClouden's claims of actual innocence do not alter the applicable statute of limitations period.

The Court assumes, *arguendo*, that McClouden's claims trigger § 2255(f)(4)'s statute of limitations period. Nevertheless, the only claim of the several McClouden lists as providing him relief under the larger rubric of "ineffective assistance" based on

---

[1] In McQuiggin, the Supreme Court determined a state habeas corpus petitioner could assert "actual innocence", if proved, as "a gateway through which a petitioner may pass" when faced with an impediment such as the expiration of the statute of limitations. ___ U.S. at ___, 133 S. Ct. at 1928. However, the Supreme Court "caution[ed]" "that tenable actual-innocence gateway pleas are rare." Id. McClouden's claims do not present this rarity.

disclosure of Ippolito's and Valoze's relationship is his claim that evidence of this relationship is <u>Brady</u> material entitling him to relief.[2] However, for the reasons set forth below, McClouden is not entitled to his requested relief.

## II. Ineffective Assistance of Counsel Claims

A sentence-appeal waiver will not bar certain Sixth Amendment ineffective assistance of counsel claims from being considered pursuant to Section 2255. When a petitioner alleges an ineffective assistance of counsel claim that challenges the validity or voluntariness of the plea or waiver itself, such as a claim that counsel coerced or misadvised petitioner prior to entry of the plea, then the sentence-appeal waiver will not bar a court from hearing the merits of the claim. See <u>Baird v. United States</u>, 445 F. App'x 252, 254 (11th Cir. 2011) (noting that despite a sentence-appeal waiver, collateral attack through an ineffective assistance claim is permitted when "the movant challenges

---

[2] Any facts relating to McClouden's claims of entrapment, acting under public authority, entrapment by estoppel, pre-trial deterrents of going to trial, and outrageous governmental misconduct were known to McClouden well before the disclosure of Ippolito's and Valoze's improper relationship in January 2015 and would not entitle McClouden to use the statute of limitations period found at Section 2255(f)(4). See Doc. No. 1-1, pp. 5–12, 14–15. "Outrageous governmental conduct is a defense that focuses on the government's tactics in obtaining a conviction." <u>United States v. Fernandez Martinez</u>, 317 F. App'x 929, 934 (11th Cir. 2009). "Dismissal of an indictment on the ground that the government engaged in outrageous conduct requires a defendant to show from the totality of the circumstances that the government's conduct and over-involvement 'violated that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment.'" <u>Id.</u> at 934–35 (quoting <u>United States v. Russell</u>, 411 U.S. 423, 432 (1973)). "The defense can be invoked only in the 'rarest and most outrageous circumstances.'" <u>Id.</u> at 935 (quoting <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1345 (11th Cir. 2000)). The Supreme Court and the Eleventh Circuit Court of Appeals "have recognized the possibility that government involvement in a criminal scheme might be so pervasive that it would be a constitutional violation[; however,] that standard has not . . . been met in any case" before either Court. <u>United States v. Sanchez</u>, 138 F.3d 1410, 1413 (11th Cir. 1998). "Government infiltration of criminal activity and the furnishing of something of value to the criminal is a recognized and permissible means of investigation." <u>Id.</u> "'[A]lthough a government agent may provide something of value to a criminal enterprise, he may not instigate the criminal activity, provide the place, equipment, supplies, and know-how, and run the entire operation with only meager assistance from the defendant[ ].'" <u>United States v. Wilson</u>, 238 F. App'x 571, 573 (11th Cir. 2007) (quoting <u>Kett v. United States</u>, 722 F.2d 687, 689 (11th Cir. 1984)).

the knowing and voluntary nature of the plea"); see also Patel v. United States, 252 F. App'x 970, 971, 974–75 (11th Cir. 2007) (finding that the district court erred in dismissing, based on a sentence-appeal waiver, petitioner's claim that counsel misadvised him prior to pleading guilty); Cowart v. United States, 139 F. App'x 206, 207–08 (11th Cir. 2005) (holding that a sentence-appeal waiver that only expressly limits a petitioner from collaterally challenging his "sentence" does not bar an ineffective assistance claim that challenges the validity of his plea or the sentence-appeal waiver itself). Therefore, despite the presence of a sentence-appeal waiver in McClouden's plea agreement, the Court must address the merits of a Section 2255 movant's claim of ineffective assistance if it challenges the validity of the plea or waiver. Id.; see also Soto v. United States, No. 3:08-CR-204-J-34MCR, 2014 WL 2993800, at *3 (M.D. Fla. July 3, 2014).

Criminal defendants have a right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Id. at 685–86. The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States, 404 F. App'x 336, 337 (11th Cir. 2010) (citing Strickland, 466 U.S. at 686). "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional

AO 72A
(Rev. 8/82)

assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'" LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (alteration in original)). "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." Id. at 1312–13. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011). "In evaluating performance, 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" LeCroy, 739 F.3d at 1312 (quoting Strickland, 466 U.S. at 690). "If a petitioner cannot satisfy one prong, we need not review the other prong." Duhart v. United States, 556 F. App'x 897, 898 (11th Cir. 2014). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690.

The Eleventh Circuit has explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). During the change of plea, or Rule 11, hearing, Judge Edenfield determined McClouden's plea was

made voluntarily with an understanding of the charges and the consequences of his plea. In so doing, Judge Edenfield asked whether McClouden had had sufficient time to discuss his case with his attorney and verified he did not want his attorney to investigate or call or interview any witnesses on his behalf. Judge Edenfield also determined McClouden was fully aware of the significance of the proceedings and in full possession of his facilities, understood the meaning of the charges, the consequences of the plea, what the Government had to prove, and admitted the essential elements of the offense by pleading guilty. Judge Edenfield concluded McClouden had not been forced or coerced into offering to plead guilty.

The Government called Toby Taylor, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who worked as an undercover operative for Operation Statesboro Blues at the storefront operation known as Smoking Sal's. Taylor testified that McClouden had come into the store approximately 23 times from October 2008 through January 2009, and agents had bought fifteen firearms from McClouden, seven of which were stolen, and 115 grams of crack cocaine. Taylor testified that McClouden did not have a license to deal in firearms, and Taylor also testified he had verified McClouden's status as a convicted felon. McClouden verified the accuracy of Taylor's testimony during a series of questions from Judge Edenfield.

Judge Edenfield reaffirmed that McClouden wished to plead guilty to the charged offense at the supplemental hearing he conducted. Judge Edenfield told McClouden once again of his rights and that he was giving up those rights by pleading guilty. McClouden stated he remembered Judge Edenfield telling him those things during the first part of his Rule 11 hearing. Tr., United States v. McClouden, 6:09-cr-15 (S.D. Ga.

Aug. 4, 2015), ECF No. 40, p. 7. McClouden stated he wished to plead guilty at that time. Id. at p. 8. Judge Edenfield accepted his plea. Id. at p. 12.

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and his plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). "However, a defendant's guilty plea is not knowing and voluntary if he pled guilty on the advice of counsel and that counsel rendered ineffective assistance because his advice was outside of the range of competence demanded of attorneys in criminal cases." United States v. Munguia-Ramirez, 267 F. App'x 894, 897 (11th Cir. 2008) (internal citation omitted).

A defendant must live with what he has told a court under oath. A defendant's sworn testimony to the trial judge in open court is presumed to be truthful. In the context of a plea hearing, the United States Supreme Court has stated that "the representations of the defendant . . . at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). The defendant's representations are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. Id.

The fact of the relationship between Ippolito and Valoze represents only impeachment information and "impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware')." United States v. Ruiz, 536 U.S. 622, 629 (2002) (emphases

9

in original). By pleading guilty, a defendant waives the right to a fair trial and the concomitant right to exculpatory impeachment material. See id. While such information may have made McClouden "more aware . . . of the likely consequences of a plea, waiver, or decision, . . . the Constitution does not require the prosecutor to share all useful information with the defendant." Id. All that the law requires for a knowing, intelligent, and sufficiently aware waiver of a right to a fair trial by way of guilty plea is that "the defendant fully understand[ ] the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." Id. (emphases in original).

Further, even assuming *arguendo* that the Government's failure to disclose impeachment material in this instance is cause for constitutional concern,[3] McClouden not only swore to the facts underlying the offenses to which he pleaded guilty, but he also swore to the accuracy of Agent Taylor's account of the events underlying the offenses to which he pleaded guilty. "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." United States v. Stizer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (citing United States v. Barrett, 514 F.2d 1241, 1243 (5th Cir. 1975)); see also United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). In light of the ample warnings from the Court during the plea colloquy regarding the consequences of pleading guilty and admitting the facts alleged in the indictment, it is exceedingly unlikely that disclosure of impeachment material satisfies the heavy burden

---

[3] In Ruiz, Justice Thomas read the majority as "suggest[ing] that the constitutional analysis turns in some part on the 'degree of help' such information would provide to the defendant at the plea stage." Ruiz, 536 U.S. at 633 (Thomas, J., concurring).

of asserting that McClouden's statements made during that colloquy were false. Cf. United States v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986) (concluding that, after entering a guilty plea, "any subjective belief" that the petitioner "would later be permitted to withdraw his plea and replead to a lesser charge was unjustified"). Therefore, the fact that the Government did not disclose impeachment material prior to McClouden's guilty plea does not entitle him to relief.

In addition, the fact that McClouden's attorney did not use evidence of this impeachment material prior to the entry of the guilty plea does not state a cognizable claim of ineffective assistance of counsel. There is no evidence before the Court that McClouden's attorney was aware of this impeachment material prior to McClouden's guilty plea or otherwise withheld this information after he learned of its existence. Accordingly, McClouden is not entitled to his requested relief under the guise of an ineffective assistance of counsel claim.

### III. Sentence Pursuant to the ACCA

McClouden contends he is actually innocent of his sentence under the ACCA in light of the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). According to McClouden, his previous convictions for burglary under Georgia law do not constitute violent felonies under 18 U.S.C. § 924(e)(2)(B)(ii). (Doc. No. 1, pp. 6–7).

Respondent asserts McClouden's burglary convictions constitute qualifying violent felonies under the enumerated-offense portion of the ACCA, not the residual clause the Johnson decision invalidated. (Doc. 5, p. 8.) Respondent maintains McClouden's burglary convictions were for burglaries of residences, as he conceded

these facts as set forth in his PreSentence Investigation report ("PSI"). Thus, Respondent alleges Johnson does not lend support for McClouden's assertion.

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." ___ U.S. at ___, 135 S. Ct. 2551, 2563. The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

The Eleventh Circuit "agree[s] that Johnson announced a new substantive rule of constitutional law," but "reject[s] the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review." In re Rivero, 797 F.3d 986 (11th Cir. 2015) (denying leave to file a second or successive motion to vacate, set aside, or correct sentence based on the Johnson decision and expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, 795 F.3d 731 (7th Cir. 2015), applying Johnson retroactively to cases on collateral review); see In re Franks, No. 15-15456-G, 2016 WL 80551, at *4 (11th Cir. Jan. 6, 2016) (recognizing and reaffirming that the Supreme Court did not apply its Johnson decision retroactively

to cases on collateral review); see also United States v. Braun, No. 13-15013, 2015 WL 5201729 (11th Cir. Sept. 8, 2015) (applying Johnson in the context of a direct appeal); United States v. Hill, No. 14-12294, 2015 WL 5023791 (11th Cir. Aug. 26, 2015) (same); and Haugabrook v. United States, Civ. Case No. 815-cv-1756-T-24TBM, Cr. Case No. 8:08-cr-254-T-24TBM, 2015 WL 4605750 (M.D. Fla. July 30, 2015) (declining to extend Johnson to a Section 2255 motion).

Burglary is a specifically enumerated offense pursuant to Section 924(e)(2)(B)(ii) and thus, does not fall within the scope of that Section's residual clause, which was invalidated by the Johnson decision. Accordingly, the Johnson decision is inapposite to McClouden's previous burglary convictions and offers him no relief. Id., 2015 WL 4605750, at *2–3 (noting Johnson did not announce a newly recognized right made retroactively applicable to cases on collateral review and, even if it had, the petitioner's burglary convictions used to enhance his sentence, did not fall within the residual clause of § 924(e)(2)(B)(ii) because it is an enumerated offense).[4]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that McClouden's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED and RECOMMENDED**, this 25th day of February, 2016.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] The undersigned notes an appeal of this decision has been filed with the Eleventh Circuit. Haugabrook v. United States, No. 15-13927 (filed Sept. 1, 2015).