IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

HERMAN MCCLOUDEN, III,　　　*
　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　*
　　　　　　　　　　　　　　　*
UNITED STATES OF AMERICA,　　*
　　　　　　　　　　　　　　　*
　　　　Defendant.　　　　　　*　　6:15-cv-76
　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　*

**O R D E R**

On April 6, 2016, Plaintiff Herman McClouden, III moved for reconsideration of the Court's Order adopting the Magistrate Judge's Report and Recommendation and dismissing Plaintiff's § 2255 petition. (Doc. 12.) McClouden's motion concerns the application of Johnson v. United States, ___ U.S. __, 135 S. Ct. 2251 (June 26, 2015) to his sentence under 18 U.S.C. § 924(e). The Magistrate Judge recommended dismissing this ground for McClouden's § 2225 petition for two reasons. First, Johnson had not been made retroactive on collateral review. (Doc. 7 at 13.) And, second, McClouden's previous convictions fall under the statutory definition of burglary in § 924(e)(2)(B)(ii) and not the residual clause at issue in Johnson. (Id.)

Since the Court's Order, the Supreme Court has held that Johnson applies retroactively. Welch v. United States, ___ U.S.

\_\_, 136 S. Ct. 1257 (2016). Nevertheless, the Magistrate Judge correctly determined that McClouden's previous burglary convictions fall under the defined burglary definition of the elements clause. Because Johnson only applies to the residual clause, it has no impact on McClouden's sentence.

McClouden also seeks reconsideration of the Magistrate Judge's determination that his prior burglary convictions qualify under § 924(e)(2)(B)(ii). He argues that Georgia's burglary statute is broader than generic burglary under § 924(e)(2)(B)(ii). Because McClouden conceded that his previous burglaries were of residences in his Pre-sentence Investigation Report (see Doc. 7 at 11-12), the Court remains unpersuaded by this argument. See generally Crews v. United States, No. 5:14-cv-12, 2015 WL 892373, at *1 (S.D. Ga. Mar. 2, 2015).

For these reasons, the Court **DENIES** Plaintiff's motion for reconsideration. (Doc. 12.) Additionally, the Court **DENIES** Plaintiff's motion to hold this case in abeyance. (Doc. 13.)

**ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA